The first case for argument this morning is 17-1523 Gallagher v. Wilkie. Mr. Stromser. May I please report, Ryan Stromser for the appellant, Anthony Gallagher. We're here today to address a very simple legal error made by the board and the Veterans Court in applying the wrong legal standard when determining the scope of Mr. Gallagher's 1992 claim for a lower back injury. Specifically, and this is appendix 22, your honor, the board in ruling on the scope of his claim required that the veteran to specifically identify sciatica or radiculopathy as opposed to generally citing the body part or the region, the lower back pulled, the lower back strain. Well, unless I'm confusing, there are a lot of issues presented in this case. You can correct me if I'm just wrong. But as I understand the answer, the government's response to your position is no, that's not what it did. That it did not require, the board of the CAVC did not say you had to call out sciatica. And in fact, we can go through the parts of the decision. And so they're just rejecting the notion that that's what the board did, right? Well, I mean, that's certainly, that's the government's position. However, you know, it's clear from the record that, and the board's decision, they say the veteran did not identify sciatica or radiculopathy in the initial May 1992 claim and cited only, and they quote, a pulled back muscle slash strain in the lower back. The governing law is clear on this that... Well, they also went on to say no evidence of sciatica or radiculopathy was associated with the May 1992 claim. Right. So doesn't that suggest that the inquiry was not limited to this rigid legal rule that you had to have used the word sciatica, but that you have to put on some evidence that would ultimately lead one to suggest that this was the kind of problem at stake, right? Correct. And his service medical records, which were considered by the, by the board in its initial, in its decision rejecting his May 92 claim, contain indicia of sciatica, specifically citing pressure to his lower legs, which is... Yeah, but that's your problem, right? Because your problem is you may be right or wrong on that, but we don't have jurisdiction to consider whether they were right. The only avenue, again, if I'm wrong, you tell me why, but the only avenue you have for our review is on the legal question. And your legal theory is a fair one. I just think it's wrong, which is that they compelled, they required that you specifically call out sciatica. If you're wrong about that, you may be right that there was some evidence and the board should have evaluated that evidence differently. You may be right about that. The problem for you there is that we don't have jurisdiction to review that. So where does that leave us? Well, so to address that specific point, if the board is reading that the 1991 records, which contain a clear indicia of sciatica, don't actually prove he had sciatica, that reasons and basis was never articulated by the board in any, at any stage or at any point in the last 24 years. Well, that's, did you raise a reasons and basis argument to the veterans court? We did, Your Honor. And we raised it before this court. Did they reject it? They did, Your Honor. However- Isn't that an application of law in effect that we don't review? I mean, the veterans court gets to decide whether the board's reasons and basis, which is mostly factual for its decision in this aspect, is sufficient or not. If they found, if the veterans court found that the board supplied sufficient reasons and basis and the evidence supports that, then you're done at the veterans court, aren't you? Well, the board doesn't, or I'm sorry, the record doesn't actually support any analysis. This is your problem though. If you keep talking about what the record supports, you're talking about evidence, which inherently means you're talking about a factual question or an application of law to fact. This particular thing that you think is a legal error, what legal principle do you think that the veterans court violated in affirming the board's decision? Specifically, that it affirmed the board's requirement that his 1992 claim would have specifically identified sciatica as, specifically identified sciatica instead of what it did, which was identify- What legal rule do you think that's in conflict with? The, I mean, the governing law on this, it would be D'Alessio v. Shinseki. Can you just tell me the legal rule? Sure. The legal rule that should have been applied is that the, by identifying just generally a body part is sufficient to state a claim that encompasses all possible- Are you talking about the obligation to read claims sympathetically? Yes, Your Honor. How is that ever something we're going to be able to review? The board didn't say it didn't have an obligation to read claims sympathetically. As I read the veterans court, it agrees that the board had the obligation. It just found applying that obligation to the facts of this case, that was met. I understand you disagree with that. We could disagree with it too, but application of a duty to read something sympathetically to the particular facts, isn't that inherently an application of all the fact? So again, we're just asking the court to remand to apply the correct standard because there was no finding specifically regarding- Or is there any evidence that the veterans court rejected the obligation to read a claim sympathetically or applied a different standard? The veterans court, in affirming the board's decision, they simply quote the same language that he didn't identify sciatica specifically as opposed to- But the veterans court recognized that the board had an obligation to read the claim sympathetically. Did it not? Yes. It didn't say, no, we don't have that. So the veterans court was applying the proper legal standard then. The veterans- They didn't apply it the way you liked it because you think that there's conclusive evidence that any reasonable person would have come out differently, but that's still application of law to fact, isn't it? That would be application of law to facts, but there's never... The first time that sciatica was ever officially decided or there was ever officially a ruling regarding sciatica, at any point in this case, was in 2006, and the- And your client did get retroactive relief back to 1994. The only retroactivity you're seeking here is two years where it was a claim that was filed that was never appealed, right? So that's a pretty high stack decline, is it not? So it's not that it was never appealed, Your Honor. When he filed his, we'll call it a renewed claim in 1994, the VA- No, I'm talking about the 92 claim. I mean, the issue you're seeking just two years worth of retroactivity from 92 to 94, and they decided this 2005 claim, and they gave your client retroactive relief back to 1994. So you're only seeking the relief that would have come from the 92 claim, and you never appealed the 92 claim. Am I right or wrong about that? So first, the 1992 claim didn't specifically address sciatica. In fact, the board found that there was not even an implicit denial for sciatica encompassed in that 1992 claim. However- Can I just get an answer to that question? Was the 99-2 claim ever appealed or did it become final? In 1994, the board found that his request for a renewed rating regarding his 1992 claim, the VA, I'm sorry, found that the medical records- It didn't go to the board, did it? Excuse me? Did it go to the board in 94, or did he just submit new and material evidence within the one-year timeframe that was then allowed to give him service connection for the back disability, which they determined inexplicably, I can't figure out the timing on this, that it went back to 92? Right. So the procedural history between 1992 and 94 is a little confusing. I'll grant you that. Well, they never filed an NOD on the 92 claim. And the board says, and you're right, you point to the fact, well, they did give him relief on 92 for one of the problems. And the board, I think correctly, says, well, we messed up. I mean, they're not trying to 92 on one of the issues. Not exactly, Your Honor. First of all, the board has never acknowledged that a mistake was ever made. The only time a mistake was ever raised by the government at all was in the secretary's briefing to the Veterans Court, which is a post hoc rationalization for what is admittedly a confusing record. However, the only conclusion that's supported by the actual record is that the VA considered his 1993 medical records, and this is an affirmative finding in the record, to have been new material evidence that was submitted during the period for appeal of his 1992 claim that held the record open. And that was why, in 1994, they were able to grant him the 1992 effective date for his lower back. But that still doesn't explain the error. I mean, do those 93 documents, this is what I find confusing about the date, and I don't really think it matters to your argument, but those 93 records, do they show evidence of the back injury dating all the way back, or do they establish the back injury as of 93? What did the RO say on that point? Or did they just give him retroactively back to 92, because that was the date of the claim despite the statute that says you get the date of the claim or the date entitlement rose, whichever is later? The latter, Your Honor. They never made an explicit finding as to whether 3.156 would However, they granted him 1992 as the date. So nobody ever even made a determination that he actually had that condition in 92? Not affirming. I think that's probably why the Secretary thinks that there was an error, but they're not going to take that away. Right. So, but again, the record only supports a conclusion that the, because the 1994 VA decision explicitly cites those 1993 medical records and his service medical records in granting him the 1992 date for his back injury, and makes an affirmative finding. Can I just, before we eat up all of your time, I'm not quite sure I understand it, but it seems like you don't agree with the government's remand. Assuming we disagree with all of your So the government's remand to consider the Turner issue won't advance the issues that are before the court today. First of all, as I said, the veterans... It might get you back to an earlier date than you have now, right? You have 94 now, it might get you back to at least 93. Well, I mean, I had the same confusion about what's going on with this Turner thing. Maybe when the government offered a remand, they didn't realize that you had reasons to reject it, which you articulate in gray. But I understand, you're not, the reason I don't understand why we would do a remand is you're not alleging the remand would be for the purposes of applying the constructive test of Turner. And if you're not alleging that yes, constructively, the adjudicators did have notice of this 93 medical thing, then what's the point of applying Turner, even if we agree with Turner, and we've never affirmed Turner in any of that. Your argument would be, we should reverse Turner, right? If the court reached that issue, yes, but you don't need to reach that question of Turner to decide the case that's before... Wait, so let me clarify that. You're not making any allegation of constructive notice? No. So if you lose on your arguments, then we don't need to remand? Correct. Okay. No. Great. You're into your rebuttal, so we've eaten up all of your time. If you have a few more comments to make, we'll reserve your time for rebuttal. No, I'll just reserve my time, Your Honor. Thank you. Good morning, Your Honor. May it please the court? Can I ask you about this Turner thing? Yes, sir. If he's not making an allegation of constructive notice, why would we waste our time, particularly on a case that is just a Veterans Court case that we haven't decided is correct or not? Understood, Your Honor. We interpreted the appellant to still be making that argument. They made it in their initial brief. They backed away from it a bit in the reply brief to sort of avoid this argument that we made about the necessity for a remand. If they're going to answer to that would be that the board and the VA Veterans Court. Can I ask you this? Does the government think Turner is correct? I know you didn't... I don't think you appealed it, but that's a complicated process. It may be that you're just waiting for it to come up in an appeal by a veteran to argue that it should be overturned. Certainly, Your Honor. I think it would be premature for us to apply as to whether it was correctly decided or not. If they're not making an allegation of constructive whatever, then why on earth would we... I mean, this case has been bumping around for, you know, since 1992 in one way, shape, or form. I guess unless you can give us a reason why a remand is necessary here to adjudicate the case. Well, given the veterans apparent opposition to the remand, which has been clear, but mostly because they view it as detrimental to their ability to have this court rule in their favor on other issues, you know, certainly if the court were not to do that and then would find that the veteran would prefer not to have that adjudicated, that would come as some surprise to the government, I would say, because as... Well, I think he just said it. I agree, Your Honor. I mean, if he wants to change his mind between his opening statement and his rebuttal, I guess we'll listen to it, but I think we can take him at his word. Yeah. Can you explain... I find the timing on this a little confusing too, and I kept reading this and trying to figure out where that 92 date came from for the back condition. Can you explain what happened here? It does appear to be an error for all intents and purposes. There's nothing to indicate, you know, there's... So he filed a claim in 92. That's correct. It was denied... In 92 in August. He didn't file an NOD. That's correct. He submitted additional evidence in what time? 1994. But so the original... Wait, in 93, there's... Wait, he didn't submit it until 94. There's 93... Oh, this is what's confusing. So the 93 report was made, but wasn't submitted. That's correct. So the evidence he submitted in 94 was not within the one-year period. That's correct, Your Honor. And so that's why we had asked for the remand, because the one gap in the record from a factual standpoint is these records were created during the one-year appeal period at VA facilities. But when he submitted that evidence in 94, then if 3.156 had been applied properly or applied at all, it wouldn't have been within the one-year time period. Correct, Your Honor. So the earliest date could have been 94 or the date entitlement arose, whichever was later. That's correct, Your Honor. And so even assuming 93 established earlier entitlement, he's stuck with 94. 94, that's correct, which is the date he already has for that. So the only way the date would change on a remand is if the court and the board were to find that there was constructive notice during that one-year appeal period. And so the records were created during the appeal period at VA facilities. There's no indication that there was any factual finding made as to whether they were constructively received. There's no determination one way or the other, although the government would acknowledge that from the record I've seen, there's nothing to indicate that there was constructive receipt. We don't know if there could be some further evidence that would suggest that, but nothing that I see. I'm going to look. Well, never mind. I'm not going to ask that. But just to clarify, he has 92 for the back condition and 94 for the sciatica. But what he really should have is 94 for both of them. That's correct, Your Honor. And so the briefing from the veteran suggests that they should both be the same. Logically, we agree. But what shouldn't happen is just because there was an error on one that we should compound that error with the other to make the two match. They should match, but they should match at 94 via case law. Because he didn't file. Even if the original RO decision in 92 was wrong and didn't read the claim sympathetically to include sciatica, that decision became final. The new and material evidence wasn't submitted until after the time period, which couldn't do anything to the timing of the finality of that original decision. Exactly correct, Your Honor. Unless there was some receipt prior to the closing of that appeal period, which is the only factual gap that we have in the record. Okay. Subject to any further questions? Yeah, I just want to not beat a dead horse, but go back to the Turner question. Because is there any doubt that the government embraces the Turner standard? Because if there is, then I think it's doubly odd that the government would have us spend another few years of everybody's life going back, applying the Turner standard, and then it would presumably challenge that when they got up on appeal if the veteran were to prevail under that standard. I'm not in a position to speak as to whether there would be intention to challenge that. I will say that the doctrine of constructive receipt, which originated in the VA context in this Bell versus Derwinski case in 92, has progressively been applied by the Veterans Court to additional areas throughout that system. And so I don't think it's- Can you give us an example of what's constructive receipt? Because this is a little baffling to me. Because I think the law was, just because you have a medical exam performed by a VA doctor in some hospital who puts a report in her file, that that isn't sufficient notice to the benefit side of the house to start a claim. Correct. Exactly. What kinds of things would be constructive notice as opposed to actual notice? Well, so what the court found in Turner is essentially if the- they made the acknowledgement, as you said, that VBA adjudicators can't be charged with knowing every treatment that's going on in any VA facility around the world. However, if they actually know that there's a treatment going on, even if the veteran hasn't submitted that to the adjudicators, they constructively know that that record should be associated with the case. And so that's where the Turner Court- And under what circumstances would they know? Because it came up in their case because the- It could be. Veteran mentioned, well, next week I have an appointment and I'm going to the doctor. Well, they also- the court framed it in the context of the duty to assist, which the VA has. So when they're collecting the case records, they have access to an electronic system, which may alert them that there are some records out there that aren't part of the case. So in their- Well, I guess, but to me, that sounds like actual notice. It would be actual notice of the existence of the records. And so that's kind of the rub there where they said, you don't have to know of the contents of the records. You only have to know they exist. And if you know they exist, you got to get them to see if they support- So is there a duty? Is this duty extended to the people on the exam side, not on the benefit side, to then every- when they do some medical evaluation, to ascertain if the veteran has some pending adjudicatory claim and notify them? No, there's no indication, Your Honor, that that burden was put on the part of the medical care professionals whose mission is to treat the veteran. And so they are not charged with that duty. It imposes a bit of an additional duty on the VBA adjudicators to go out and look, consummate with their duty to assist, and see are there records out there that- again, the Turner Court said there's no relevant standard based on this court's precedence. And so it doesn't really have to determine whether these could be relevant records. It only determines, hey, there are some additional records out there. Before we make our determination, we've got to get those in-house and determine if they could have an impact here. And so that's essentially the standard that Turner put on the VA. Now, as you say, this is a recent decision that the VA has not had a chance to see how it impacts cases and to make any determination as to what their position would be going forward in a case of its application. I wouldn't want to speak to that today. What's your view as to the impact of Turner in this particular case? So Turner, under Turner, the impact in this case would be if there were a determination made that these records which were created during the appeal period, we acknowledge, at VA facilities, if there was that knowledge. The issue, as I've mentioned, is there's nothing that I see in the record that would allow the were not constructively received. So there's no factual finding either way. And this court certainly shouldn't make it in the first instance. I acknowledge that there's not a lot to go on. But you never know what could be presented. Maybe there would be an interview with someone who worked on the case or something. But the impact on the case could be the result being what the veteran has asked for in terms of a 1992 effective date if it were determined that those records were associated with the case in the one-year appeal period. And then certainly secondarily... If that's the case, if it would have a beneficial impact on the veteran's case, why would we not remand for there to be this factual finding in the first instance at the court below? That's been our position in this case, Your Honor. I suppose the counter argument would be if the veteran does not want the remand, then... Well, it may not want it because as you suggest, there's a factual predicate that's necessary to even making an argument that Turner would apply. And maybe they're being straight up honest and ethical by acknowledging that, no, that's not been their theory all along. There's no argument to be made applying the standard with which they disagree. Yeah. That may be, Your Honor. And it certainly... It was argued initially in the brief here. It seems in both in the reply brief and then in the argument today that the veteran has taken a different position. But that's essentially our position on the remand. As the court has discussed previously, the other arguments that Mr. Gallagher advances before this court are really factual questions or application of lot of factors. But you don't disagree that the law does not allow for the board or the CAVC to have said, because you didn't use the word sciatica, you're not entitled to this claim. Certainly, Your Honor. That would be a legal error. Absolutely, it would be a legal error. But we, as you mentioned in our brief, we advanced and certainly we repeat today that we do not read either of the board's decision, which specifically referenced some evidence to the contrary on sciatica, as well as the veterans court decision. While they both mentioned the fact that sciatica was not listed on the claim form, they went on to say there's no evidence in the record associated. So they're asking for... This appeal is limited to two years with... Because they've already gotten backdated to 1994. Correct, Your Honor. Do you know what percent... Was it a 10% increase in the rating because of the sciatica? Yes, Your Honor. So yeah, it's not a lot of money that we're talking about. It's not a lot of difference in the rating time. But certainly, the veteran's entitled to pursue it. As we've said here in this court, the jurisdictional limitations of the court prevent most of the arguments that Mr. Gallagher has advanced. And then in terms of the Turner issue, there is that gap in the record that the appellant apparently does not want to advance that argument any further. Thank you. Thank you, Your Honor. So first, I'd just like to be clear that there was no adjudication regarding sciatica at any time until 2006. And the board... What does that mean, there was no adjudication? I mean, I'm a little unclear what that means. Sure. The first time that Mr. Gallagher received any rating decision from any... From the board or the VA regarding sciatica was 2006. Which was postdated or goes back to 94. Correct. But for the purposes... Which was the date you made your new immaterial evidence claim. So that's the effective date. I'm talking about the first time that the veteran ever received it. This is what baffles me about this case. It's I don't understand, even if you're correct, how you can get back to 1992 because you didn't file an NOD and you didn't file a new immaterial evidence claim within one year as required by 3.156. So the board... And you're not arguing Q. Excuse me? You're not arguing Q. Clear on that mistake. Sorry. I'm sorry. No. The board, and this is Appendix 843, Your Honor, found explicitly stated it considered the 1990... This is the 1994 rating decision. It explicitly considers those 1993 medical records and states new material evidence has been submitted to warrant service connection for his lower back. That was the basis for the board granting him 1992 for his back.  There's no indication that that was error anywhere in the record. It's a plain reading of 3.156. In order for the original claim date to be still considered after a final decision, it has to be submitted within a year. And indisputably, it wasn't submitted within a year. It was submitted in 94, right? Correct. And if that's the case, that finding, that ruling or that explanation has never been provided by the VA or the board at any stage. And that in and of itself is a reasons and basis error. Well, we don't have jurisdiction over that. I mean, it's clear that under the basic rules, you get a decision from the regional office. If you don't submit an NOD, it becomes final. Up to a year after, you can submit new material evidence associated with that claim, and it will render that original decision non-final. But if you don't do it within a year after, that decision is final. And the new material evidence claim you submit is a claim that dates from the date of the new material evidence claim. So the earliest you can possibly get on any of this is 94. The fact that the VA went back to 92 on the other one because it misapplied 3.156 or something else doesn't help you here. That wouldn't help us if we were... I'm sorry, Aaron. I just want to know what legal basis you think there is to give you a 92 date when you didn't appeal the 92 decision and it became final and you submitted the new material evidence claim more than a year later. The legal basis, Your Honor, is specifically that the 1992 denial is not a denial for sciatica specifically. That's the board's finding, not just our reading of it. There was never a decision regarding sciatica specifically until 2006. And Mr. Gallagher did timely file a notice of an NOD regarding that denial. I don't... Well, what's the legal basis for saying that there's still... Are you saying there's a pending unadjudicated claim for 92? Yes, Your Honor. Where did you argue that? The... Well, it's not unadjudicated. It's the claim that's pending before the court right now is the... The claim that's pending before the court right now is your 1994 claim for new and material evidence. The 1992 case became final. You didn't file a notice of NOD. The 1992 case did not become final specifically with regard to sciatica because no finding about sciatica was ever made until 2006. So this sounds like a new theory to me that it's a pending unadjudicated claim that you've never raised. It's consistent with the positions we've taken in our briefing, I believe, Your Honor. Well, did you ever cite the line of cases that says... That talks about pending unadjudicated claims? I don't... I don't... I'd have to check the briefing. I don't believe so, though. I don't believe you did either. So 92 became final, but you're saying because they didn't address something, it didn't become final? The 92... What support do you have for the notion that just because they didn't address something you think they should have addressed, that it didn't become final, even though you didn't file anything within a year? The... So I'll refer... So Appendix 24, this is the board decision that's on appeal, that is on appeal here. The board finds that there was no implicit denial for service connection for sciatica and radiculopathy prior to the June 2007 grant of service connection. So the 2000... The 1992 denial for his lower back was not a denial for sciatica. So even if that... Even if that 1992 claim did become final in 1993, it did not foreclose his ability to pursue sciatica because there was no decision on sciatica until 2007. Yeah, and you filed your claim for sciatica in 1994 based upon the new material evidence and you got back to 94. Either you raised sciatica in 92... Which we argue that we did. And it was adjudicated and it became final, or you raised it in 94 and you got the 94 date. No, the fact that the board didn't acknowledge that, and I realize I'm over my time now, believe me, Your Honor. So I'll just... Sure, I'll just... No, you don't have to finish. You can just drain out of the question. I just want to make sure that I understand your position correctly with respect to Turner, because I'm intrigued by the fact that you would oppose a remand, given that the potential for the review on the applicability at 3.156 would help you. So exactly what is your position? Are you still opposed to remand? Yes, Your Honor, because the... All right, that's all I need.  Thank you. Thank you, Your Honor.